J-A16033-15

2015 PA Super 199

| TRUST UNDER AGREEMENT OF EDWARD WINSLOW TAYLOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF:  ELISE W. CARR, EDWARD W. CARR, IAN N. CARR, RICHARD R. CARR, CAROLINE T. CARR, W. SEWELL WALLACE, SUZANNE T. WALLACE, JENNIFER A. WALLACE-COLLINS, EVAN S. WALLACE, CHRISTOPHER G. WALLACE, SAMUEL H. WALLACE , HOPE T. WALLACE & ANTHONY T. WALLACE | No. 2701 EDA 2014 |

Appeal from the Order August 18, 2014
in the Court of Common Pleas of Philadelphia County
Orphans' Court at No.: 3563 of 1939

BEFORE:   LAZARUS, J., FITZGERALD, J.[*], and PLATT, J.[**]

DISSENTING OPINION BY PLATT, J.:            **FILED SEPTEMBER 18, 2015**

I respectfully dissent.  Because I would find that the special provision codified in section 7766(b)(4) of the PEF code prevails over the general provision found at section 7740.1, I would affirm the decision of the trial court.

_____

[*] Former Justice specially assigned to the Superior Court.

[**] Retired Senior Judge assigned to the Superior Court.

Here, Appellants in effect seek permission to use the general modification statute of section 7740.1(d) of the PEF code to gain the future power to remove a corporate trustee upon agreement of the beneficiaries. Section 7766(b)(4), which governs removal of a corporate trustee, specifically addresses this objective. It is a settled rule of statutory interpretation that when there is a conflict between a general statutory provision and a more specific provision, the specific provision controls.

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision prevail.

1 Pa.C.S.A. § 1933.

It is evident that there is a conflict between sections 7740.1 and 7766(b). They require different modes of analysis and could very likely result in different outcomes depending on which section controls. Thus, because of this potential conflict, I would conclude that the specific provisions of section 7766(b) must prevail.

Further, I see no manifest intent on the part of the Pennsylvania Legislature that would require a different result. The Legislature had the opportunity to expand the grounds for removal of a corporate trustee, to allow for removal upon consent of some or all of the beneficiaries, when it

adopted several of the provisions of the Uniform Trust Act and declined to do so. As the trial court stated:

> Section 7766 of the PEF Code as adopted by the Pennsylvania legislature clearly does not allow for removal of a trustee based on the consent of some—or all—of the trust beneficiaries. The comparatively recent trust provisions of the Pennsylvania PEF code are modeled on the UTC. Section 7766(b)(4) is substantially similar to the UTC except that the UTC permitted removal of a trustee when all the beneficiaries agreed. The Pennsylvania legislature did not adopt that provision, in contrast to the legislatures of other states such as Vermont, Maine and Arkansas which allow removal of a trustee based on the agreement of all beneficiaries.

(Trial Court Opinion, 8/18/14, at 9) (quotation marks and footnotes omitted).

The learned Majority largely rests its conclusion that the trial court erred in applying section 7766 on the fact that Appellant "did not seek currently to remove [Appellee] as trustee." (Majority, at 12). The Majority faults the trial court for "imputing motives to the Appellants based on assumptions not supported by the record. . . ." (*Id.*). The Majority ignores the obvious implications of its decision. There is no rule of statutory interpretation requiring us to do that. Under the Majority's reasoning, any beneficiary seeking to avoid the more onerous provisions of section 7766 could simply petition the court to modify the trust under section 7740.1, arguing to the court that it was not seeking to remove a trustee but merely to modify the trust agreement. Under the Majority's approach, section 7766 would be largely eviscerated and the Legislature's decision **not** to adopt the

portion of the UTC that permitted removal of a trustee when all the beneficiaries agreed would be meaningless. I cannot support such judicial activism in light of the Legislature's clear decision to require that individuals seeking to remove a trustee comply with section 7766. "When the words of a statute are clear and free from all ambiguity, the letter of it may not be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

I would affirm the decision of the trial court.

Accordingly, I respectfully dissent.